## Commonwealth v. One Chevrolet Coupe, etc.

*Prohibition enforcement—Forfeiture of vehicle—Rights of lessor under instalment lease—Act of March 27, 1923.*

Under the Prohibition Enforcement Act of March 27, 1923, P. L. 34, the lessor of a vehicle under an instalment lease, by the terms of which title remains in the lessor until the payment of the last instalment of rent, when the title passes to the lessee, is not entitled to the return of the vehicle if seized while used by the lessee in the transportation of intoxicating liquor.

Petition for condemnation of motor-vehicle. Q. S. Phila. Co., May Sess., 1924, No. 196.

*Charles Edwin Fox, Joseph K. Willing* and *John A. Boyle,* Assistant District Attorneys, for Commonwealth.

*C. Donald Swartz,* for claimant.

GORDON, JR., J., July 3, 1924.—This is a petition under the Act of March 27, 1923, P. L. 34, for the condemnation of a motor-vehicle, seized while transporting intoxicating liquor. The claimant is the lessor of the vehicle under an instalment lease, by the terms of which title remains in the lessor until payment of the last instalment of rent, when title passes to the lessee. During the term of the lease possession and all the beneficial use of the vehicle is in the lessee, the lessor retaining nothing but the bare legal title and the right to repossess himself of the vehicle in the event of a breach by the lessee of any of the provisions of the lease. The lessor contends that by one of the provisions of the lease the lessee agrees that he will not use the vehicle in the illegal transportation of intoxicating liquor, that the lessor did not actually know or consent to the illegal act of transportation which brought about the seizure in this case, and that, therefore, he is entitled to the return of the vehicle under clause D (V) of section 11 of the act.

It will be observed that in bailment leases of this character the lessor intends to, and does, part with all the rights and interests of an owner of the vehicle, except the paper title to it, which he retains as security for the payment of the instalments of rent. He parts with the beneficial enjoyment of it and entirely surrenders control over its use. His interest in the use to which the vehicle is put is *nil,* and, though he has secured the promise of the lessee to return the vehicle on condition broken, he does not expect or hope to take it back. Therefore, while the transaction as between the parties is one of bailment, it is a bailment of the most general character, in which the lessor has parted with everything but paper title, retained merely as security for the payment of the instalments, which, if paid, would convert the bailment into a sale. In this situation, he consents, without restriction, to any use to which the lessee may put the vehicle, for he has surrendered all control over its use. The lessor is not helped by the covenant in the lease that the vehicle will not be used in the transportation of intoxicating liquor, and that such use shall entitle him to forfeit the lease. Whatever may be the effect of this provision as between the parties, the State is not a party to it,

and is not bound by it. Indeed, if the purpose of this provision be to prevent a forfeiture to the Commonwealth, and thus render the vehicle immune to the law, it is against public policy and void. It is unthinkable that a private contract should be permitted to nullify the law and deprive the sovereign of its rights. This clause, therefore, cannot affect the rights of the parties to the lease in such manner as to prevent the condemnation which the illegal transportation of the liquor entails. The consent to an act of illegal transportation which the law contemplates may be either expressed or implied. It is expressly given when the act is knowingly and verbally permitted; it is implied when the bailment is general and without any restriction. One who gives to another unlimited control of the uses to which a thing may be put consents to any use it may be put to. A lessor of a vehicle under an instalment lease, therefore, is not entitled to secure the return of the vehicle under any of the provisions of section 11 of the Act of 1923.

That the legislature did not intend to permit such a lessor to recover the leased vehicle is clearly shown by the fact that special provision is made in section 11 *(III)* of the act to protect whatever financial interest the lessor may have in the vehicle at the time the forfeiture is worked. It is there provided that the lessor shall be entitled to receive from the proceeds of the sale whatever amounts may be due him as unpaid instalments. This protects him in his substantial interest in the vehicle, and at the same time insures its condemnation. He is thus relegated to his remedies under this section, and is not entitled to a return of the vehicle under section 11 *D (V)*.

The petition for condemnation is, therefore, granted.